**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BEE GIRL ENTERPRISES, LLC, d/b/a Heritage Prairie Farm, <br><br> Plaintiff, <br><br> v. <br><br> MARIA ANANIEVA, <br><br> Defendant. | Case No. 26-cv-4581 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Bee Girl Enterprieses, LLC, d/b/a Heritage Prairie Farm ("Plaintiff" or "Heritage Prairie Farm"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against Maria Ananieva ("Defendant") states as follows:

## NATURE OF ACTION

1.      This is an action arising from Defendant's intentional and unlawful conduct to seize control of Plaintiff's digital assets, misappropriate proprietary business information, and exploit Plaintiff's confidential materials for her own benefit and in furtherance of a competing enterprise.

2.      Plaintiff, Bee Girl Enterprises, LLC d/b/a Heritage Prairie Farm maintains exclusive rights to the federally registered copyright: U.S. Registration No. TX-9-578-202 (" '202 Copyright"). A true and correct copy of the registration certificate for the above copyright is attached as Exhibit A.

3.      Defendant, while entrusted with access to Plaintiff's systems as an employee, abused that access by creating and utilizing an unauthorized Google Drive account using Plaintiff's

business credentials, systematically copying and transferring proprietary materials from Plaintiff's secure systems, and altering ownership and control permissions to assert dominion over those materials.

4.      Defendant further expanded the scope of her misconduct by configuring the unauthorized Google Drive to permit access to anyone with a link to Plaintiff's proprietary information, thereby exposing Plaintiff's confidential and trade secret information to third parties and subjecting Plaintiff to significant and ongoing risks of disclosure, misuse, and loss of competitive advantage.

5.      Defendant has, upon information and belief, used and/or intends to use Plaintiff's copyrighted works, confidential information, and trade secrets in connection with a competing business and for personal financial gain.

6.      Defendant's conduct is willful, malicious, and in conscious disregard of Plaintiff's rights, and has caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law.

7.      This action has been filed to stop and prevent further irreparable damage to Plaintiff due to Defendant's unauthorized use of the '202 Copyright, as well as Plaintiff's confidential information and trade secrets.

8.      Plaintiff brings this action to enjoin Defendant's ongoing misconduct, prevent further unauthorized use and dissemination of Plaintiff's proprietary information, recover damages, and protect its intellectual property and confidential business interests.

## THE PARTIES

9.      Plaintiff Bee Girl Enterprieses, LLC, d/b/a Heritage Prairie Farm is an Illinois based business that operates a certified organic farm producing and supplying organic produce and

2

microgreens to restaurants and the local community, and also operates a wedding and event venue, with its principal place of business located at 2N308 Brundige Rd, Elburn, IL 60119.

10.     Upon information and belief, Defendant Maria Ananieva is an individual residing in Kane County, Illinois.

## JURISDICTION

11.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq and 28 U.S.C. § 1338.

12.     This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over Defendant because Defendant resides in Illinois and the conduct giving rise to Plaintiff's claims occurred in Illinois.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

15.     Plaintiff is a working certified organic farm and wedding venue that since 2006 has offered event services, including hosting weddings and private events in Elburn, Illinois.

16.     Defendant, Maria Ananieva, was an employee of Plaintiff from January 6, 2025 to February 20, 2026.

17.     During her time of employment, Defendant was Marketing, Sales, Design Coordinator.

3

18. On February 20, 2026, Defendant abruptly resigned from her position by notifying Plaintiff at 2:59 p.m. via email, one minute before her shift ended, and left Plaintiff's premises thereafter. *See* Exhibit B.

19. In the months leading up to her resignation, Defendant began engaging in a pattern of unauthorized, disruptive, and intentionally harmful conduct, including, but not limited to manipulating Plaintiff's website content, intentionally inserting errors into business materials, and moving or altering internal content and information without authorization, all of which impaired Plaintiff's operations and data integrity.

20. Plaintiff maintained its confidential and proprietary business information in a centralized company Dropbox account ("Dropbox"), which contains sensitive materials information, including copyrighted materials, trade secrets, marketing strategies, pricing data, inventory information, vendor relationships and other proprietary business records.

21. On or about September 9, 2025, without Plaintiff's knowledge, authorization, or consent, Defendant created a Google Drive cloud storage account using Plaintiff's business email credentials (the "Unauthorized Google Drive") and designated herself with full administrative authority over its contents, and configured sharing settings to permit access to the files by anyone with the link, thereby removing the documents from Plaintiff's secure and controlled environment.

22. From September 9, 2025 until her resignation on February 20, 2026, Defendant systematically accessed Plaintiff's Dropbox and downloaded Plaintiff's confidential and proprietary documents, which she then uploaded to the Unauthorized Google Drive. Defendant undertook this conduct covertly and outside the scope of her job duties, and without any legitimate business purpose.

23. During this same period, Defendant further expanded access to the Unauthorized Google Drive by generating shareable links to its contents and transmitting those links to her personal email account, and allowing access by anyone possessing the link, thereby removing the information from Plaintiff's secure and controlled environment.

24. On February 20, 2026, approximately three minutes before Defendant sent Plaintiff notice of her resignation, Defendant changed the ownership details of the Unauthorized Google Drive to be her own, personal email account, thereby asserting exclusive control over the misappropriated files and further depriving Plaintiff of access to and control over its proprietary information.

25. At no time during Defendant's employment did Plaintiff authorize the creation or use of the Unauthorized Google Drive, nor was Plaintiff aware of its existence. Plaintiff did not discover the Unauthorized Google Drive or Defendant's transfer of proprietary materials until after Defendant's resignation.

26. Plaintiff first because aware of the Unauthorized Google Drive upon receiving an automated notification email from Google in its business email inbox reflecting that ownership and control of the account had been altered, after Defendant's resignation. *See* Exhibit C.

27. During Defendant's employment, she had access to Plaintiff's business email account and authorized systems, including Plaintiff's centralized Dropbox, which contained Plaintiff's confidential and proprietary information. These systems constitute "protected computers" within the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2), as they are used in and affect interstate commerce and communication.

28. Defendant's access to Plaintiff's Dropbox was strictly limited to those files, data, and functions necessary to perform her job duties for Plaintiff's benefit, and did not include

authority to create unauthorized storage systems, alter ownership settings, transfer proprietary information to personal devices or accounts, or use Plaintiff's information for personal or competitive purposes.

29.     Plaintiff maintained and stored highly confidential and proprietary information on its secure systems, including its Dropbox, such as marketing strategies, pricing data, vendor relationships, customer information, operational processes, and proprietary content (the "Confidential Information"). This Confidential Information constitutes "trade secrets" within the meaning of 18 U.S.C. § 1839(3).

30.     The Confidential Information derives independent economic value from not being generally known to, and not being readily ascertainable by, other persons who could obtain economic value from its disclosure or use.

31.     Plaintiff took reasonable measures to maintain the secrecy of its Confidential Information, including restricting access through permission-based systems, limiting access to employees with a business need, maintaining centralized storage on secure platforms, and prohibiting unauthorized copying, transfer or dissemination.

32.     Prior to her resignation, Defendant, through use of the company email, intentionally exceeded her authorized access by creating and utilizing the Unauthorized Google Drive account and altering the ownership and administration control settings to designate herself as owner or otherwise give herself unilateral control over Plaintiff's proprietary information, without authorization and in breach of her duties to Plaintiff.

33.     Defendant further exceeded her authorized access by accessing, copying, downloading and transferring files and data from Plaintiff's Dropbox and other systems that were

6

not necessary for her job duties and that she was not permitted to use, retain or store outside the scope of her employment.

34. Upon information and belief, Defendant's actions were undertaken in anticipation of her departure and in furtherance of establishing or assisting a competing business, using Plaintiff's proprietary information and business infrastructure.

35. Following Defendant's resignation, Plaintiff discovered that Defendant had copied, removed, and transferred proprietary files and date from Plaintiff's systems to her personal devices and/or accounts without authorization, thereby depriving Plaintiff of exclusive possession and control over its information.

36. Defendant's actions constituted intentional, unauthorized access to, acquisition of, and control over Plaintiff's copyrighted works, trade secrets, and confidential information, in violation of her duties as an employee and applicable law.

37. Defendant's actions impaired the integrity and availability of Plaintiff's data and systems, including by altering administrative controls and removing files, thereby disrupting Plaintiff's operations.

38. Upon information and belief, Defendant also engaged in discussions with other former employees regarding the formation of a competing business prior to her resignation.

39. Additionally, Plaintiff discovered that, in the days leading up to her resignation, Defendant recorded confidential internal business conversations without authorization.

40. Defendant's actions were undertaken without Plaintiff's knowledge or consent and involved the unauthorized access, use, retention, and potential dissemination of Plaintiff's copyrighted material, trade secrets, proprietary and confidential information.

## COUNT I
## INFRINGEMENT OF '202 COPYRIGHT
### (17 U.S.C. §§ 106 and 501)

41.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42.     Plaintiff's '202 Copyright constitutes an original work and is copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

43.     Plaintiff has exclusive rights in the '202 Copyright.

44.     Plaintiff's '202 Copyright is protected by the registration attached hereto as Exhibit A, which was duly issued by the United States Copyright Office.

45.     Plaintiff maintains the exclusive rights under 17 U.S.C. § 106 to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibit A.

46.     Defendant had direct access to Plaintiff's '202 Copyright solely by virtue of her employment and for limited, authorized business purposes.

47.     Defendant exceeded the scope of that authorization by copying, reproducing, distributing, displaying, and/or creating derivative works incorporating Plaintiff's '202 Copyright.

48.     Defendant's infringing acts were willful within the meaning of 17 U.S.C. § 504(c)(2), entitling Plaintiff to enhanced statutory damages..

49.     Defendant, by her actions, have damaged Plaintiff in an amount to be determined at trial. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered damages and is entitled to recover statutory damages, actual damages, Defendant's profits, and injunctive relief.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS
### (18 U.S.C. § 1836 *et seq.*)

50.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

51.     Plaintiff owns trade secrets within the meaning of 18 U.S.C. § 1839(3), including confidential business information such as marketing strategies, pricing data, vendor information, inventory data, and competitor research maintained on its secure systems (the "Trade Secrets").

52.     The Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable by, other persons who could obtain economic value from their disclosure or use, and Plaintiff has taken reasonable measures to maintain their secrecy, including restricting access and implementing permission-based controls.

53.     Defendant acquired access to Plaintiff's Trade Secrets during her employment with Plaintiff under a duty to maintain their secrecy and to use them solely for Plaintiff's benefit.

54.     Defendant misappropriated Plaintiff's Trade Secrets within the meaning of 18 U.S.C. § 1839(5) by, among other things, acquiring, copying, and removing confidential materials from Plaintiff's systems transferring them to her personal devices and/or accounts, and retaining such information without authorization.

55.     Defendant knew or had reason to know that the Trade Secrets were confidential and were obtained through improper means, including breach of her duties to Plaintiff.

56.     Upon information and belief, Defendant has used or intends to use Plaintiff's Trade Secrets for her own benefit and/or for the benefit of a competing business.

9

57. Defendant's misappropriation is willful and malicious, and has caused, and will continue to cause, Plaintiff immediate and irreparable harm for which there is no adequate remedy at law.

58. Plaintiff is entitled to injunctive relief, damages, including actual loss and unjust enrichment, exemplary damages, and attorneys' fees pursuant to 18 U.S.C. § 1836(b).

**COUNT III**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
**(18 U.S.C. § 1030 *et seq.*)**

59. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60. At all relevant times, Plaintiff employed Defendant on a full-time basis.

61. Plaintiff's computer systems, including its Dropbox and related digital infrastructure, constitute "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2), as they are used in and affect interstate commerce and communication.

62. Defendant was granted limited access to Plaintiff's digital systems for purposes of performing her job duties and for Plaintiff's benefit, which did not include authority to create unauthorized external storage accounts, alter ownership or administrative controls, or transfer Plaintiff's proprietary information outside its secured systems.

63. Defendant knowingly and intentionally accessed Plaintiff's protected computers without authorization and/or exceeded her authorized access within the meaning of 18 U.S.C. § 1030(a)(2) and (a)(4).

64. Specifically, Defendant exceeded her authorized access by, among other things:

(a) creating and utilizing the Unauthorized Google Drive account and configuring its ownership and permission settings to obtain unilateral control over Plaintiff's data;

10

(b) accessing, copying, and downloading files and data from Plaintiff's systems that were not necessary for her job duties;

(c) transferring Plaintiff's proprietary and confidential information to her personal devices and/or accounts without authorization; and

(d) modifying, manipulating, or impairing Plaintiff's website content and internal data, thereby affecting the integrity of Plaintiff's systems.

65.	Defendant's access was undertaken for improper purposes, including the misappropriation of Plaintiff's proprietary information and in furtherance of a competing business.

66.	Defendant's conduct resulted in "damage" and "loss" within the meaning of 18 U.S.C. § 1030(e)(8) and (e)(11), including impairment to the integrity and availability of Plaintiff's data and systems.

67.	As a direct and proximate result of Defendant's conduct, Plaintiff has incurred and will continue to incur damages, including loss of data, impairment to the integrity of its systems, and costs incurred in investigating and responding to Defendant's unauthorized access.

68.	Plaintiff's losses attributable to Defendant's conduct exceed $5,000 in value during a one-year period.

69.	Defendant's violations were willful and intentional, and undertaken in conscious disregard of Plaintiff's rights.

## COUNT IV
## MISAPPROPRIATION OF TRADE SECRETS
### (765 ILCS 1065/1 et seq)

70.	Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

11

71. Plaintiff owns trade secrets within the meaning of 765 ILCS 1065/2(d), including confidential and proprietary business information such as marketing strategies, pricing, vendor and inventory data, customer-related data, and competitor research maintained on its secure systems (the "Trade Secrets").

72. The Trade Secrets derives independent economic value from not being generally known to, and not being readily ascertainable by, other persons who could obtain economic value from their disclosure or use, and Plaintiff has taken reasonable measures to maintain its secrecy.

73. Defendant acquired access to Plaintiff's Trade Secrets during her employment under a duty of confidentiality and duty to use such information solely for Plaintiff's benefit.

74. Defendant misappropriated Plaintiff's Trade Secrets by acquiring, copying, removing and retaining confidential materials from Plaintiff's systems, transferring them to her personal devices and/or accounts, and retaining them without authorization.

75. Defendant knew or had reason to know that the Trade Secrets was confidential and obtained through improper means.

76. Upon information and belief, Defendant has used or intends to use Plaintiff's Trade Secrets for her own benefit and/or in connection with a competing business.

77. Defendant's misappropriation is willful and malicious and has caused, and will continue to cause, Plaintiff irreparable harm for which there is no adequate remedy at law.

78. Plaintiff is entitled to injunctive relief, damages, exemplary damages, and attorneys' fees under 765 ILCS 1065/3 and 1065/4.

## COUNT V
## CONVERSION

79. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

80. Plaintiff has the absolute and unconditional right to the immediate possession and control of its proprietary digital assets, including all associated documentation, data, information, files, and material maintained on its secure systems, including its Dropbox.

81. Defendant wrongfully and without authorization exercised dominion and control over Plaintiff's property by, among other things, copying and transferring Plaintiff's proprietary data to the Unauthorized Google Drive and altering ownership and access permissions to assert control over such materials.

82. Upon information and belief, Defendant has taken possession of and continues to retain Plaintiff's proprietary data and materials.

83. Plaintiff has demanded the return its property, but Defendant has failed and refused to relinquish possession and control.

84. Defendant's conduct has deprived Plaintiff of the use and control of its property and has caused Plaintiff damages.

85. Plaintiff is entitled to the immediate repossession of its property as well as damages resulting from Defendant's wrongful conduct.

### COUNT VI
### TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

86. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

87. Plaintiff had a reasonable expectation of entering into valid business relationships with prospective customers, vendors, and business partners.

88. Defendant knew of these prospective business relationships by virtue of her employment with Plaintiff and her access to Plaintiff's confidential business information.

13

89.     Defendant intentionally and unjustifiably interfered with Plaintiff's prospective business relationships, including by misappropriating Plaintiff's confidential information and using it for her own benefit and/or in connection with a competing business.

90.     Defendant's interference was accomplished through wrongful means, including the unauthorized access, copying, retention, and dissemination of Plaintiff's proprietary information, including configuring the Unauthorized Google Drive to permit access by anyone on the internet with the link, and was undertaken with the purpose of diverting business opportunities, soliciting Plaintiff's customers or vendors, and unfairly competing with Plaintiff.

91.     Upon information and belief, Defendant used or intends to use such information to divert business opportunities, solicit Plaintiff's customers or vendors, and compete unfairly with Plaintiff.

92.     Defendant interference was intentional, unjustified, and undertaken for her own benefit and/or the benefit of a competing business.

93.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including lost business opportunities and economic harm.

94.     Plaintiff is entitled to recover damages and all other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, and grant the following relief:

1.     Enter a temporary, preliminary and permanent injunction prohibiting Defendant and all persons acting in concert with her, from using, copying disclosing, or retaining Plaintiff's copyrighted materials, trade secrets confidential information, and proprietary data, including any

14

materials stored on or derived from any the Unauthorized Google Drive or other third-party cloud storage platforms;

2. Order Defendant to return and/or permanently delete all of Plaintiff's proprietary materials in her possession, custody, or control, including all copies stored on any personal devices, accounts, third-party cloud based platforms or shared links, and to disable and revoke any access links or permissions that permit third-party access to such materials;

3. Order Defendant to identify all persons or entities to whom Plaintiff's proprietary information was disclosed, transmitted, or made accessible, including through any publicly accessible or link-enabled file-sharing settings;

4. Order expedited discovery, including the forensic imaging, inspection, and analysis of Defendant's devices, accounts, and storage media, as well as any third-party accounts under her control, to identify, recover, and confirm the deletion of Plaintiff's proprietary information;

5. Award Plaintiff its actual damages, including compensatory damages for Defendant's unlawful conduct;

6. Award statutory damages for copyright infringement as permitted by law;

7. Award Plaintiff Defendant's unjust profits and/or restitution resulting from her misconduct;

8. Award exemplary and/or punitive damages to the fullest extent permitted by law, including under the Defend Trade Secrets Act and Illinois Trade Secrets Act;

9. Award Plaintiff its reasonable attorneys' fees and costs as permitted by law;

10. Award pre-judgment and post-judgment interest; and

11. Grant such other and further relief as the Court deems just and proper.

15

## JURY DEMAND

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: April 22, 2026                    Respectfully submitted,

                                         ARONBERG GOLDGEHN


                                         */s/ Jessica Chang*
                                         Jessica Chang
                                         Sofia Hastings
                                         225 W. Washington St. Suite 2800
                                         Chicago, IL 60606
                                         312-828-9600
                                         jchang@agdglaw.com
                                         shastings@agdglaw.com
                                         ***Attorneys for Plaintiff,***
                                         ***Bee Girl Enterprises LLC***