IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bee Girl Enterprises, LLC d/b/a Heritage Prairie Farm<br><br>*Plaintiff*,<br><br>v.<br><br>Maria Ananieva<br><br>*Defendant*. | Case No. 1:26-cv-04581 |

**DEFENDANT MARIA ANANIEVA'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Defendant Maria Ananieva ("Defendant" or "Ms. Ananieva"), by and through her attorneys, answers the Complaint of Plaintiff Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm ("Plaintiff"), and asserts her affirmative defenses, as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint. Headings and the unnumbered "Nature of Action" introduction in the Complaint are characterizations to which no response is required; to the extent a response is deemed required, Defendant denies them. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

## ANSWER

## NATURE OF ACTION

1. Denied.

2. Defendant admits that the document attached to the Complaint as Exhibit A purports to be a Certificate of Registration bearing U.S. Copyright Registration No. TX-9-578-202; the registration certificate speaks for itself, and Defendant denies any characterization inconsistent with its contents.

Defendant denies the remaining allegations of Paragraph 2, including that Plaintiff maintains any exclusive rights enforceable against Defendant.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied. Defendant admits only that Plaintiff purports to bring this action for the relief described; Defendant denies that Plaintiff is entitled to any relief whatsoever.

**THE PARTIES**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's business operations and principal place of business, and on that basis denies them.

10. Admitted that Defendant is an individual who resides in Kane County, Illinois.

**JURISDICTION**

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Complaint purports to assert claims under the Copyright Act and that this Court has subject matter jurisdiction over federal claims properly pleaded; Defendant denies that Plaintiff has stated any valid claim for relief.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court may exercise supplemental jurisdiction over related state-law claims properly pleaded, and denies that Plaintiff has stated any valid state-law claim.

13. Admitted that Defendant resides in Illinois and that this Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations of Paragraph 13, including the characterization of any "conduct giving rise to Plaintiff's claims."

14. Admitted that venue is proper in this District. Defendant denies the remaining allegations of Paragraph 14.

## FACTUAL BACKGROUND

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's history and operations since 2006, and on that basis denies them.

16. Admitted that Defendant was employed by Plaintiff from on or about January 6, 2025 to February 20, 2026.

17. Admitted that Defendant's role related to marketing, sales, and design coordination. Defendant denies any characterization of the scope or duties of her position inconsistent with the facts.

18. Admitted that Defendant notified Plaintiff of her resignation by email on February 20, 2026, as reflected in Exhibit B, which speaks for itself. Defendant denies any characterization of that email or the circumstances of her departure inconsistent with the document, including the pejorative characterization "abruptly."

19. Denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning how Plaintiff maintained or secured its files, and on that basis denies them. Defendant denies that any of the referenced materials constitute protectable copyrighted works or trade secrets.

21. Denied.

22. Denied.

23. Denied.

24. Denied. Defendant admits only that the email attached as Exhibit C purports to be an automated Google notification; that document speaks for itself, and Defendant denies any characterization inconsistent with its contents.

25. Denied.

26. Denied. Defendant admits only that Exhibit C purports to be an automated notification email from Google; the document speaks for itself.

27. Admitted that, during her employment, Defendant had authorized access to Plaintiff's business email and to authorized systems in connection with her job duties. The allegation that any such system constitutes a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2) states a legal conclusion to which no response is required; to the extent a response is required, it is denied. Defendant denies the remaining allegations of Paragraph 27.

28. Denied.

29. Denied. The allegation that any referenced information constitutes a "trade secret" within the meaning of 18 U.S.C. § 1839(3) states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**COUNT I**
**INFRINGEMENT OF '202 COPYRIGHT**
(17 U.S.C. §§ 106 and 501)

41. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the originality or copyrightability of the referenced work and on that basis denies the allegations.

43. Denied.

44. Defendant admits that Exhibit A purports to be a Certificate of Registration issued by the United States Copyright Office; the certificate speaks for itself, including as to its effective date of registration, and Defendant denies any characterization inconsistent therewith.

45. Denied. The referenced registration speaks for itself, including its express exclusion of photograph(s) from the claim; Defendant denies any characterization inconsistent therewith.

46. Denied.

47. Denied.

48. Denied.

49. Denied. Defendant denies that Plaintiff has suffered any damages or is entitled to any relief, including statutory damages, actual damages, profits, or injunctive relief.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS**
(18 U.S.C. § 1836 et seq.)

50. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

51. Denied. The allegation that Plaintiff owns "trade secrets" within the meaning of 18 U.S.C. § 1839(3) states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied. Defendant denies that Plaintiff is entitled to any relief, including injunctive relief, damages, exemplary damages, or attorneys' fees.

**COUNT III**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
(18 U.S.C. § 1030 et seq.)

59. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

60. Admitted that Plaintiff employed Defendant. Defendant denies any characterization inconsistent with the actual terms and conditions of her employment.

61. Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

62. Admitted that Defendant was granted access to Plaintiff's systems in connection with the performance of her job duties. Defendant denies the remaining allegations of Paragraph 62, including any characterization of the scope or limits of her authorized access.

63. Denied.

64. Denied, including subparts (a) through (d).

65. Denied.

66. Denied. The allegation that Defendant's conduct resulted in "damage" or "loss" within the meaning of 18 U.S.C. § 1030(e)(8) and (e)(11) states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

67. Denied.

68. Denied.

69. Denied.

**COUNT IV**
**MISAPPROPRIATION OF TRADE SECRETS**
(765 ILCS 1065/1 et seq.)

70. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

71. Denied. The allegation that Plaintiff owns "trade secrets" within the meaning of 765 ILCS 1065/2(d) states a legal conclusion to which no response is required; to the extent a response is required, it is denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied. Defendant denies that Plaintiff is entitled to any relief, including injunctive relief, damages, exemplary damages, or attorneys' fees.

**COUNT V**
**CONVERSION**

79. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied. Defendant denies that Plaintiff is entitled to any relief.

**COUNT VI**
**TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE**

86. Defendant re-alleges and incorporates her responses to the preceding paragraphs as if fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied. Defendant denies that Plaintiff is entitled to any relief.

Responding to the unnumbered "Prayer for Relief" following Paragraph 94, including subparts 1 through 11, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By asserting the defenses below, Defendant does not assume any burden of proof that would otherwise rest with Plaintiff, and Defendant does not waive any denial set forth above. Defendant asserts the following affirmative and other defenses without conceding that any is an affirmative defense on which she bears the burden of proof.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Computer Fraud and Abuse Act — No Access "Without Authorization" or "Exceeding Authorized Access")

Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is barred because Defendant did not access any "protected computer" "without authorization" or in a manner that "exceed[ed] authorized access." As Plaintiff itself alleges, Defendant was granted access to Plaintiff's business email and systems, including the centralized Dropbox, in connection with her employment. Under *Van Buren v. United States*, 593 U.S. 374 (2021), an individual who is authorized to access information on a computer does not "exceed[] authorized access" within the meaning of the CFAA by accessing that information for an allegedly improper purpose. The statute reaches those who access areas of a computer that are off limits to them, not those who misuse access they are otherwise entitled to exercise.

Because Plaintiff's allegations establish that Defendant was authorized to access the files and systems at issue, the CFAA claim fails as a matter of law.

**THIRD AFFIRMATIVE DEFENSE**
**(Computer Fraud and Abuse Act — No Qualifying "Loss")**

Plaintiff's CFAA claim is further barred because Plaintiff has not sustained "loss" aggregating at least $5,000 in value within the meaning of 18 U.S.C. § 1030(e)(11) and (g). Cognizable "loss" under the CFAA is limited to costs reasonably incurred in responding to a violation, conducting a damage assessment, restoring data or systems to their prior condition, and lost revenue or costs incurred because of an interruption of service. Alleged loss of competitive advantage, misappropriation of information, or general business harm is not cognizable "loss" under the statute.

**FOURTH AFFIRMATIVE DEFENSE**
**(Copyright — No Infringing Act; Thin and Limited Protection)**

Plaintiff's copyright claim is barred, in whole or in part, because Plaintiff cannot establish any violation of an exclusive right under 17 U.S.C. § 106. The single work identified in the registration attached as Exhibit A is a one-page marketing flyer, the claim in which is expressly limited to "text" and from which "photograph(s)" are expressly excluded. Such a work is entitled, at most, to thin copyright protection. Plaintiff does not allege that Defendant reproduced, distributed, publicly displayed, or prepared derivative works from the registered work in any manner that infringes Plaintiff's exclusive rights; allegations that files were moved or copied within or between storage accounts do not establish infringement of any exclusive right under the Copyright Act.

**FIFTH AFFIRMATIVE DEFENSE**
**(Copyright — No Willfulness; Statutory Damages and Fees Barred by 17 U.S.C. § 412)**

Plaintiff's demand for statutory damages and attorneys' fees on its copyright claim is barred, in whole or in part, by 17 U.S.C. § 412. According to Exhibit A, the effective date of registration of the '202 work is March 25, 2026 — after the conduct

alleged in the Complaint, which Plaintiff alleges occurred between September 9, 2025 and February 20, 2026. Because any alleged infringement commenced before the effective date of registration, Plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. §§ 504(c) and 505. Defendant further denies that any alleged infringement was willful within the meaning of 17 U.S.C. § 504(c)(2).

**SIXTH AFFIRMATIVE DEFENSE**
**(Illinois Trade Secrets Act Preemption)**

Plaintiff's common-law claims for conversion (Count V) and tortious interference with prospective economic advantage (Count VI) are preempted by the Illinois Trade Secrets Act, 765 ILCS 1065/8, to the extent they rest on the same operative facts as Plaintiff's claim for misappropriation of trade secrets. The ITSA abolishes and displaces conflicting tort and restitutionary remedies for misappropriation of confidential information, whether or not that information rises to the level of a statutory trade secret. Because Plaintiff's conversion and tortious-interference claims are premised on the same alleged acquisition, copying, retention, and use of Plaintiff's information that underlies its trade-secret claims, those claims are preempted and barred.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Protectable Trade Secret)**

Plaintiff's trade-secret claims under the Defend Trade Secrets Act and the Illinois Trade Secrets Act fail because the information at issue does not constitute a trade secret. The categories of information identified in the Complaint — including marketing strategies, pricing data, vendor relationships, inventory information, and customer-related information — are generally known, readily ascertainable by proper means, and do not derive independent economic value from being kept secret. Plaintiff cannot establish the existence of any protectable trade secret.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Take Reasonable Measures to Maintain Secrecy)**

Plaintiff's trade-secret claims are further barred because Plaintiff failed to take measures that were reasonable under the circumstances to maintain the

secrecy of the information it now claims as trade secrets, as required by 18 U.S.C. § 1839(3)(A) and 765 ILCS 1065/2(d)(2).

**NINTH AFFIRMATIVE DEFENSE**
**(Copyright Act Preemption of State-Law Claims)**

To the extent Plaintiff's state-law claims, including conversion (Count V), seek to vindicate rights equivalent to the exclusive rights within the general scope of copyright as specified in 17 U.S.C. § 106, and concern subject matter within the scope of the Copyright Act, those claims are preempted by 17 U.S.C. § 301.

**TENTH AFFIRMATIVE DEFENSE**
**(No Irreparable Harm; Adequate Remedy at Law; No Basis for Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because it cannot establish irreparable harm and has an adequate remedy at law. Plaintiff's own allegations reflect that the conduct of which it complains concluded no later than February 20, 2026, yet Plaintiff did not file suit until April 22, 2026. Any alleged harm is compensable, if at all, by monetary damages, and Plaintiff's delay is inconsistent with its claim of irreparable injury.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of unclean hands arising from Plaintiff's own conduct in connection with the matters alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate its alleged damages, including its failure to take reasonable measures to protect the information and materials it now claims were misappropriated.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Setoff and Recoupment)**

To the extent Plaintiff establishes any damages, which Defendant denies, any recovery must be reduced or offset by amounts Plaintiff owes to Defendant, including unpaid wages, overtime compensation, and other amounts owed in connection with Defendant's employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of laches to the extent Plaintiff unreasonably delayed in asserting its rights to Defendant's prejudice.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, to the extent they are asserted outside the applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

Defendant has not knowingly or intentionally waived any applicable affirmative defense, and reserves the right to assert and rely upon additional defenses that become available or apparent during discovery. Defendant reserves the right to amend or seek to amend this Answer and its affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Maria Ananieva respectfully requests that this Court:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Enter judgment in favor of Defendant and against Plaintiff on all counts;

C. Award Defendant her costs and attorneys' fees to the fullest extent permitted by law, including under 17 U.S.C. § 505, 18 U.S.C. § 1836(b)(3)(D), and 765 ILCS 1065/5; and

D. Grant such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

June 23, 2026

Respectfully submitted,

*By: /s/ Francisco Fernandez del Castillo*
Francisco Fernandez del Castillo
Del Castillo Law Group, LLC
11 E. Adams Street, Suite 1401
Chicago, IL 60603
(312) 216-0111
francisco@delcastillolawgroup.com

Attorney for Defendant Maria Ananieva