**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BEE GIRL ENTERPRISES, LLC, d/b/a Heritage Prairie Farm,<br><br>Plaintiff,<br><br>v.<br><br>MARIA ANANIEVA,<br><br>Defendant. | **Case** No: 1:26-cv-04581 |

## JOINT INITIAL STATUS REPORT

The parties submit this joint status report pursuant to the Court's May 18, 2026 order (ECF 7) and state as follows: "At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov under District Judges, Judge Andrea R. Wood."

## RESPONSES

**1. Nature of the Case**

**A. Attorneys of Record**

- **Attorney for Plaintiff:** Jessica Chang, Sofia Hastings

ARONBERG GOLDGEHN

225 W. Washington St. Suite 2800 Chicago, IL 60606

Tel: 312-828-9600

Email: jchang@agdglaw.com, shastings@agdglaw.com

- **Attorney for Defendant:** Francisco Fernandez del Castillo

DEL CASTILLO LAW GROUP, LLC

11 E. Adams St., Suite 1401, Chicago, IL 60603

Tel: 312-216-0111

Email: francisco@delcastillolawgroup.com

**B. Parties who have not yet been served**

All parties have been served, and no issues regarding service are presently outstanding.

**C. Basis for Federal Jurisdiction**

This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1338 and 17 U.S.C. § 501, et seq., because Plaintiff asserts a claim for copyright infringement under the Copyright Act. The Complaint also asserts claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367.

i. Not applicable. Jurisdiction is not based on diversity of citizenship under 28 U.S.C. § 1332.

ii. Not applicable. Jurisdiction is not based on diversity of citizenship under 28 U.S.C. § 1332.

**D. Nature of the Claims Asserted**

Plaintiff alleges that Defendant, a former employee, improperly accessed, copied, retained, and exercised control over Plaintiff's proprietary digital assets, copyrighted materials, confidential business information, and trade secrets by at least creating and using an unauthorized Google Drive account while employed by Plaintiff. Plaintiff asserts claims for copyright infringement under the Copyright Act, misappropriation of trade secrets under the Defend Trade Secrets Act and the Illinois Trade Secrets Act, violation of the Computer Fraud and Abuse Act, conversion, and tortious interference with prospective economic advantage. No counterclaims have been asserted.

**E. Major Legal and Factual Issue**

The principal factual issues include whether Defendant exceeded her authorized access to Plaintiff's computer systems; whether she created and used an unauthorized Google Drive account to copy, transfer, and retain Plaintiff's proprietary information; whether she misappropriated Plaintiff's copyrighted works and trade secrets; whether she used or intended to use Plaintiff's confidential information for a competing business; and the nature and extent of any damages suffered by Plaintiff.

The principal legal issues include whether Defendant is liable for copyright infringement under the Copyright Act, misappropriation of trade secrets under federal and Illinois law, violations of the Computer Fraud and Abuse Act, conversion, and tortious interference with prospective economic advantage, and

whether Plaintiff is entitled to injunctive relief, statutory damages, compensatory damages, exemplary damages, attorneys' fees, and other available remedies.

**F. Relief Sought**

Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting Defendant from using, retaining, copying, or disclosing Plaintiff's copyrighted materials, trade secrets, confidential information, and proprietary data; an order requiring Defendant to return or permanently delete Plaintiff's proprietary materials and identify any third parties to whom such information was disclosed; expedited forensic discovery; actual damages, statutory copyright damages, disgorgement of Defendant's profits, exemplary and punitive damages where authorized by law, attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**2. Case Plan**

**A. Pending Motions**

There are no pending motions.

**B. Defendant's motion in response to the complaint by motion and the basis for the intended motion.**

Defendant does not anticipate responding to the Complaint by motion and instead filed an Answer to the Complaint.

**C. Proposed Discovery Plan**

The parties anticipate conducting written discovery, including interrogatories, requests for production, and requests for admission, as well as depositions of the parties and other fact witnesses. Discovery is expected to

include electronically stored information ("ESI"), including emails, cloud-based storage, electronic documents, metadata, and other electronically maintained business records. The parties will confer regarding the form of ESI production and any issues concerning privilege, confidentiality, or the entry of a Federal Rule of Evidence 502(d) order.

The parties anticipate exchanging their Rule 26(a)(1) initial disclosures by **December 29, 2026**. The parties further anticipate serving expert disclosures pursuant to Rule 26(a)(2), if necessary, by **June 29, 2027**. At this time, the parties do not anticipate requesting any modifications to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois. The parties will propose appropriate deadlines for the completion of fact discovery, expert depositions, and the filing of dispositive motions.

**D. Jury Demand and Estimated Length of Trial**

Plaintiff has demanded a jury trial. The parties estimate that the trial will require approximately five (5) to seven (7) days.

**3. <u>Settlement</u>**

**A. Settlement Discussions**

The parties have not yet engaged in settlement discussions.

**B. Settlement Conference**

At this time, the parties do not believe that a settlement conference would be productive. The parties may revisit the possibility of a settlement

conference after the exchange of initial disclosures and the completion of substantial fact discovery.

**4. Consent to Proceed Before a Magistrate Judge**

The parties have informed their respective clients of the opportunity to consent to proceed before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to proceeding before the assigned Magistrate Judge.

Dated: June 29, 2026.

Respectfully Submitted,

*/s/ Sofia Hastigs*
Jessica Chang
Sofia Hastings
**ARONBERG GOLDGEHN**
225 W. Washington St. Suite 2800
Chicago, IL 60606
jchang@agdglaw.com
shastings@agdglaw.com
(312)-828-9600

Attorneys for Plaintiff,
Bee Girl Enterprises LLC

*/s/Francisco Fernandez Del Castillo.*

Francisco Fernandez Del Castillo
**DEL CASTILLO LAW GROUP, LLC**
ARDC #: 6337137
11 E Adams Street #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com
(312)-216 0111

Attorney for Defendant,
Maria Ananieva.